IIenRY Gr. Smith, J.,
delivered the opinion of the Court.
*487 Ouly brought replevin against Dickinson & Pegan for a lot of furniture. The Sheriff seized the furniture and delivered it to Ouly, and executed the writ on Pegan, and made return without service on Dickinson.
The plaintiff declared against Pegan & Dickinson, neither of whom appeared, or made defense, and, therefore, judgment by default was taken against both defendants, and a writ of inquiry executed, the plaintiff waiving damages, and final judgment entered against both defendants. The cause is brought here by writ of error, sued, out at the instance of both defendants.
It is conceded, that, at common law pleading, the judgment is erroneous as to both defendants, because of the omission to bring in Dickinson by process or otherwise. But it is claimed, that the judgment is good as to Pegan, though bad as to Dickinson, under the decisions upon sec. 4516 of the Code, reported in 3 Head, 378, and 3 Cold., 147. These cases hold, that' when the cause of action is a liability of the defendants, joint and several, and the action will lie against any or all the defendants, and judgment is entered against all the defendants, though some are not properly in by process or otherwise, in such case, the judgment is valid as to those defendants properly brought in, though erroneous or void as to those defendants not brought in by process, or otherwise making their appearance.
The case in 3 Head, was action of debt against two; service on one only; declaration and judgment against both, and writ of error brought by the party served with process.
*488 The case in 3 Cold., was, action appearing to be trespass by several defendants against tbe person and personal properties of the plaintiff; service of process on two; declaration, judgment bj default, writ of inquiry, and final judgment against all the defendants, and brought to this Court by writ of error sued out at the instance of all.
Boggess vs. Gamble, also reported in 3 Cold., involves and affirms the doctrine of the two foregoing cases. This was an action on the case; but the report, while it states the forni of action, does not show the precise cause of action.
All these cases go upon the principle that a judgment is not, in Tennessee, as at common law, so far an entirety, that if void as to one defendant, it will, of course, be held void as to all. On the contrary, the judgment may be valid as to some, and void as to others, and the invalidity can be availed of by the parties only as to whom it is invalid.
All this departure from the common law pleading, has its origin ’ and authority in sec. 4516, of the Code, which declares: “No judgment, decision or decree of the inferior Courts, shall be reversed in the Supreme Court, unless for errors which affect the merits of the judgment, decision, or decree complained of.”
The departure has gone far enough, and we are not disposed to push it beyond, unless the way ahead be clearly seen to be safe.
Here, the action is replevin, and under some circumstances, the defendants have a right of recovery against the plaintiff. If the right of possession of the properties seized and delivered to the plaintiff, turns *489 out upon the proofs, to he with the defendants, or either of them, they or he is entitled to judgment against the plaintiff, for the restoration of the properties, or payment of their value and damages. The title and right of possession may he with the defendants jointly. They may he tenants in common, as to the ownership or as to the right .of possession. Half may belong to one, and half to the other; or one may have an half interest in the properties, and the other, a half interest, and the interest of each he an undivided interest in the whole. Maintain the judgment here as to one defendant, and reverse it as to the other, and let tfye case go back for trial below, between the plaintiff and the latter defendant; and upon such trial, let it turn out that such defendant he found entitled to the undivided half interest in, and possession of the properties, and it may he perplexing and difficult to ascertain and adjust the rights between the plaintiff and such defendant, and the judgment proper to he rendered between them. The plaintiff has, by virtue of the original judgment, the right of possession and property as to the defendant, fixed by the original judgment, and not the right of property or possession as to the defendant in new judgment. Quite probably, the defendant in the new judgment would be entitled to judgment for the restoration of the whole properties to his possession, or to payment of their whole values. As to this, it is not now adjudged. It is enough, that, in a case of this kind, it appears that the interests and rights of the defendants are so blended, that it is not proper to sever them in the record. It is, therefore, ordered, *490 that the judgment herein be reversed as to both defendants, and the cause sent back to the Circuit Court for a new trial.
Dismissal of the action as to the defendant Dickinson is hardly available to the plaintiff. Under the Code, sec. 8390, such dismissal works a right to the party dismissed, to have judgment of restoration, value and damages.